# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

## No. 16-3384

---

### JOHN R. ZIMMERMAN,
**Plaintiff-Appellee**

v.

### THOMAS W. CORBETT, et al.,
**Defendants-Appellants**

---

**Defendants' Appeal from the Denial of Motion for Judgment on the Pleadings
U.S. District Court for the Middle District of Pennsylvania**

---

### BRIEF OF APPELLEE JOHN R. ZIMMERMAN

---

Devon M. Jacob, Esquire | Pa. Sup. Ct. ID 89182
Jacob Litigation, A Civil Rights Law Firm
P.O. Box 837, Mechanicsburg, PA 17055-0837
717.796.7733 | djacob@jacoblitigation.com
Counsel for John R. Zimmerman, Appellee

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... iii

I.    JURISDICTION .......................................................................1

   A.   District Court's Jurisdiction ..........................................1

   B.   Third Circuit's Jurisdiction ...........................................1

   C.   The Defendants' Appeal is Frivolous.............................1

II.   ISSUE FOR REVIEW ...........................................................2

   A.   Is an interlocutory appeal frivolous when (1) it asserts arguments related to claims never pled, and (2) the denial of qualified immunity is based on the existence of disputes of material fact, and *not* questions of law?..........................2

   B.   Did the Defendants' conduct violate a federal right, i.e., the Fourth Amendment right to be free from unreasonable seizures?. ...................................2

   C.   In 2009, was it clearly established law that a citizen had a right not to be handcuffed; placed in the backseat of a police cruiser with a police officer next to him; transported to Court for an arraignment; paraded, handcuffed, in front of the press cameras; have bail set at $1,000 unsecured; forced to surrender his passport for two years; and face a maximum sentence of 18 years of incarceration, and $40,000 in fines; *pursuant to legal process*, without the existence of probable cause?...................................2

III.  STATEMENT OF THE CASE.................................................2

IV.   SUMMARY OF THE ARGUMENT .............................................5

V.    ARGUMENT ..........................................................................5

   A.   The Defendants' Appeal is Frivolous.............................5

      1.   Appeal Based on Claims Not Pled ............................5

      2.   Denial of Immunity Based on Disputes of Material Facts.........................7

B.   The Defendants' Conduct Violated a Federal Right, i.e., the Fourth Amendment Right to be Free From Unreasonable Seizures. ...............................8

C.   The Defendants' Conduct Violated Clearly Established Law ....................11

   1.   The Law was Clearly Established at the Time of the Violation. .............11

   2.   Issues the Court Need Not Address .........................................................12

VI.   CONCLUSION ............................................................................................17

VII.   CERTIFICATIONS .....................................................................................18

# TABLE OF AUTHORITIES

**Federal District Court Cases**

Ankele v. Hambrick, 286 F.Supp.2d 461 (E.D.Pa. 2003) .........................................10

Bartow v. Thomas, 2014 WL 2993786 (W.D.Pa. July 2, 2014) ...............................9

Bernard v. Washington County, 465 F.Supp.2d 461 (W.D.Pa. 2006) ....................10

Boseman v. Upper Providence Twp., 2016 WL 344460 (E.D.Pa. Jan. 28, 2016) ....9

Calipo v. Butler City, 2012 WL 517331 (W.D.Pa. Feb. 15, 2012) ........................10

Dinoia v. Cumbo, 2015 WL 6739114 (D.N.J. Nov. 4, 2015)....................................9

Jones v. Barth, 2015 WL 221079 (E.D.Pa. Jan. 15, 2015) .......................................9

Llerando-Phipps v. City of New York, 390 F. Supp. 2d 372 (S.D.N.Y. 2005) ......16

Lopez v. Maczko, No. 07-1382, 2007 WL 2461709 (E.D. Pa. Aug. 16, 2007)......10

Luck v. Mount Airy No. 1, LLC, 901 F. Supp. 2d 547 (M.D. Pa. 2012)................10

Mazzetti v. Bellino, 57 F. Supp. 3d 1262 (E.D. Cal. 2014).......................................6

Penberth v. Krajnak, 2008 WL 509174 (M.D.Pa. Feb. 21, 2008)..........................11

Perkins v. Staskiewicz, 2010 WL 2510191 (M.D. Pa. June 17, 2010) ....................8

Taylor v. Mazzone, 2016 WL 4272266 (E.D. Pa. Aug. 12, 2016).........................12

Telepo v. Palmer Twp., 40 F. Supp. 2d 596 (E.D. Pa. 1999) .................................15

White v. Glenn, 2014 WL 5431200 (E.D.Pa. Oct. 27, 2014)....................................9

Wiecek v. City of Philadelphia, 2016 WL 524092 (E.D.Pa. Feb. 10, 2016)............9


**Federal Circuit Court Cases**

136 F.App'x 551 (3d Cir. 2005) ..............................................................................10

Boydston v. Isom, 224 F. App'x 810 (10th Cir. 2007)...............................................6

Cameron v. City of New York, 598 F.3d 50 (2d Cir. 2010)........................................7

*DiBella v. Borough of Beachwood*, 407 F.3d 599 (3d Cir. 2005) ...........................11

DiBella v. Borough of Beachwood, 407 F.3d 599 (3d Cir. 2005)..............................8

Gallo v. City of Philadelphia, 161 F.3d 217 (3d Cir. 1998) ......................................8

Johnson v. Knorr, 477 F.3d 75 (3d Cir. 2007)...........................................................8

Kelly v. Borough of Carlisle, 622 F.3d 248 (3d. Cir. 2010).....................................11

Penberth v. Krajnak, 347 Fed.Appx. 827 (3d Cir. 2009)....................................9, 11

Poventud v. City of New York, 750 F.3d 121 (2d Cir. 2014) ....................................6

Wiltz v. Middlesex County Office of Prosecutor, 249 Fed.Appx. 944 (3d Cir. 2007) ..........................................................................................................................9

**Supreme Court of the United States Cases**

Brady v. Maryland, 373 U.S. 83 (1963) ....................................................6
Heck v. Humphrey, 512 U.S. 477 (1994) ...............................................11
Heck v. Humphrey, 512 U.S. 477 (1994) ...............................................11
Saucier v. Katz, 533 U.S. 194 (2001) .....................................................8

**State Cases**

Shapiro v. Marian Radiological Assocs. Inc., 73 Pa. D. & C.4th 318 (Pa.Com.pl.
  2005) .....................................................................................................7

**Pennsylvania Statutes**

18 Pa.C.S. §5101.....................................................................................14
18 Pa.C.S. §5105.....................................................................................14
18 Pa.C.S. §903.......................................................................................14

## I.    **JURISDICTION**

**A.    District Court's Jurisdiction:** The District Court had jurisdiction pursuant to 28 U.S.C. § 1331.

**B.    Third Circuit's Jurisdiction:** When a District Court's decision to deny qualified immunity is based solely on a question of law, the Third Circuit has jurisdiction pursuant to 28 U.S.C. § 1291. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). The Court exercises plenary review. Argueta v. U.S. Immigration & Customs Enf't, 643 F.3d 60, 69 (3d Cir. 2011). Since the District Court denied the Defendants' request for immunity based on disputes of material fact, this Court does not have jurisdiction.

**C.    The Defendants' Appeal is Frivolous:** The District Court stated that its decision hinged on the existence of disputes of material facts,

> A Rule 12(c) motion is properly granted only "when all the material allegations of fact are admitted in the pleadings and only questions of law remain." Inst. for Sci. Info., Inc., 931 F.2d at 1005. Here, the Court declines to resolve "question[s] of fact as to malice" at this preliminary stage, see Cameron v. City of New York, 598 F.3d 50, 69 (2d Cir. 2010), particularly where Defendants summarily deny Plaintiff's allegation that Defendants destroyed exculpatory evidence. (Doc. Nos. 20 ¶ 114; 33 ¶ 114).

While the Defendants state that the "Defendants only raise the purely legal question of whether, accepting Plaintiff's allegations as true, they are entitled to immunity[,]" they dispute Plaintiff's statement of the facts. See Appellants' Brief, pp.10 & 12n.1.

1

Furthermore, in the District Court, despite the fact that Plaintiff did not assert Brady (see Brady v. Maryland, 373 U.S. 83 (1963)) or Procedural Due Process claims, the Defendants argued that Plaintiff failed to state Brady or Procedural Due Process claims upon which relief may be granted. Both Plaintiff and the District Court advised the Defendants that Plaintiff only asserted state and federal malicious prosecution claims. (App'x 36a). Regardless, on appeal, the Defendants *again* argue that Plaintiff did not state Brady or Procedural Due Process claims upon which relief may be granted.

## II.    ISSUE FOR REVIEW

A.    Is an interlocutory appeal frivolous when (1) it asserts arguments related to claims never pled, and (2) the denial of qualified immunity is based on the existence of disputes of material fact, and *not* questions of law? Yes.

B.    Did the Defendants' conduct violate a federal right, i.e., the Fourth Amendment right to be free from unreasonable seizures? Yes.

C.    In 2009, was it clearly established law that a citizen had a right not to be handcuffed; placed in the backseat of a police cruiser with a police officer next to him; transported to Court for an arraignment; paraded, handcuffed, in front of the press cameras; have bail set at $1,000 unsecured; forced to surrender his passport for two years; and face a maximum sentence of 18 years of incarceration, and $40,000 in fines; *pursuant to legal process*, without the existence of probable cause? Yes.

## III.    STATEMENT OF THE CASE

Plaintiff asserted state and federal malicious prosecution claims. (Amended Complaint, App'x 85a & 89a).  The Defendants filed a motion to dismiss, which on

2

February 10, 2015, the Court granted in part and denied in part. (Order, App'x 26a).

In denying in part the Defendants' motion, the Court stated in relevant part,

> Plaintiff's malicious prosecution claims in Counts One and Two against the remaining Defendants are **NOT DISMISSED** to the extent that they are premised on allegations that (1) the Defendants manufactured witness testimony and intimidated witnesses prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed a criminal complaint and affidavit of probable cause that contained false and misleading statements[.]

In the District Court's Order, the Court further stated, "Defendants may raise their immunity arguments at summary judgment, following development of the factual record in this case." (Order, App'x 26a(3)). The Defendants did not file a motion for reconsideration of the Court's Order. Instead, on March 12, 2015, the Defendants filed an Answer, in which they either failed to properly respond to, or denied, the material facts. (Defendants' Answer, App'x 93(a)).

The Defendants failed to respond in discovery as required.[1] Instead, on November 30, 2015, the Defendants filed (1) a motion to stay discovery, and (2) a motion for judgment on the pleadings, in which they prematurely renewed their immunity argument, and sought judgment for a Procedural Due Process claim that

---

[1] The Defendants' obstructionist conduct. On September 21, 2015, Plaintiff served the Defendants with Interrogatories and a Request for the Production of Documents ("RFP"). On the same date, Plaintiff served subpoenas on the Commonwealth of Pennsylvania ("Commonwealth") and the Office of Attorney General ("OAG"). On October 8, 2015, the Commonwealth and OAG served objections to the subpoenas. On October 22, 2015, the Defendants served *106 pages of "Supplemental Objections"* to the Interrogatories and RFP.

3

Plaintiff never asserted.[2] On December 15, 2015, the Court issued an Order staying all deadlines but directing the Parties to continue with written discovery.[3] On July 15, 2016, the District Court issued a Memorandum and Order denying the Defendants' motion for judgment on the pleadings, in which the Court noted that Plaintiff did not assert <u>Brady</u> or Due Process Claims, and that the Court's decision was based on the existence of the material disputes of fact. (Memorandum, App'x 30a; and Order App'x 40a).

The Defendants filed the instant appeal.  On August 25, 2016, Plaintiff filed a Motion For The Court To Amend Its Orders Dated February 10, 2015 (Doc. 30), And Dated June 22, 2015 (Doc. 42), Pursuant To 28 U.S.C. § 1292(b). (App'x 392(a)). Contrary to the Defendants' contention, the Defendants did not concur in Plaintiff's motion.  As such, on September 8, 2016, Plaintiff filed a brief in support of his motion.  Plaintiff's motion in the District Court remains pending and ripe for disposition.[4]

---

[2] Importantly, to the extent that a future developed factual record establishes that <u>Brady</u> violations occurred, while not separate claims, they are evidence of the Defendants' maliciousness – an element of a malicious prosecution claim.

[3] When advised that the Defendants intended to request a stay of *all* discovery, Plaintiff convinced the Defendants to agree not to seek to stay written discovery. Subsequently, however, the Defendants objected to producing written discovery as a result of grand jury secrecy.

[4] It remains Plaintiff's contention that the District Court's grant of absolute immunity to the prosecutorial Defendants for their actions before the *investigating* grand jury, as opposed to an *indicting* grand jury, is a clear error of law, that if not corrected now (in light of the Defendants' current appeal), will result in a significant waste of resources as a result of the need to litigate multiple appeals, redo discovery, and possibly conduct multiple trials.

## IV.    SUMMARY OF THE ARGUMENT

The Defendants' interlocutory appeal is frivolous because (1) it asserts arguments related to claims never pled, and (2) the denial of qualified immunity is based on the existence of disputes of material fact, and *not* questions of law.

The Defendants' conduct violate a federal right, i.e., the Fourth Amendment right to be free from unreasonable seizures.

In 2009, was it clearly established law that a citizen had a right not to be handcuffed; placed in the backseat of a police cruiser with a police officer next to him; transported to Court for an arraignment; paraded, handcuffed, in front of the press cameras; have bail set at $1,000 unsecured; forced to surrender his passport for two years; and faced a maximum sentence of 18 years of incarceration, and $40,000 in fines; *pursuant to legal process*, without the existence of probable cause.

## V.    ARGUMENT

### A. The Defendants' Appeal is Frivolous: (1) Based on a Claims Not Pled, and (2) The Denial of Qualified Immunity Based on Dispute of Material Facts.

#### 1.  Appeal Based on Claims Not Pled

The Defendants argue that Plaintiff failed to state Brady or Due Process Claims upon which relief may be granted.  Prior to filing the appeal, the Defendants were advised, by both undersigned counsel and the District Court, that Plaintiff did not assert Brady or Due Process Claims:

5

Defendants challenge, inter alia, whether it is clear that <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), applies without a trial and conviction and whether the destruction of proffer notes in accordance with policy violates clearly established law. (Doc. No. 47 ¶¶ 5-6; <u>see</u> Doc. No. 49 at 14-24, 28-29.) Plaintiff responds that he did not assert a <u>Brady</u> claim or a procedural due process claim. (Doc. No. 55 at 3, 6-9.) As explained below, the Court finds that Defendants' Brady arguments fail to address the constitutional right at issue.

Here, the amended complaint alleges a malicious prosecution claim under the Fourth and Fourteenth Amendments and a malicious prosecution claim under Pennsylvania law.2 As a general matter, the "constitutional right at issue in the context of a § 1983 malicious prosecution claim is the Fourth Amendment right to be free from unreasonable seizures." <u>Boydston v. Isom</u>, 224 F. App'x 810, 814 (10th Cir. 2007). A Brady claim is distinct from a malicious prosecution claim, <u>see</u> <u>Poventud v. City of New York</u>, 750 F.3d 121, 137 & n.20 (2d Cir. 2014), as it involves "different constitutional rights and, critically, [entails] different elements of recovery," <u>Mazzetti v. Bellino</u>, 57 F. Supp. 3d 1262, 1269 (E.D. Cal. 2014) (internal citations omitted). Therefore, even without defining the proper scope and contours of the Fourth Amendment right at issue, the Court disagrees that the right at issue directly implicates Brady v. Maryland. See Golodner, 770 F.3d at 206. Plaintiff's passing reference to Brady in the complaint does not change the analysis. (Doc. No. 20 ¶ 114.)

Defendants' efforts to define the right allegedly violated as a due process right are unpersuasive.3 (Doc. No. 49 at 14-24.) As such, the Court declines to decide whether the purported Brady or due process right was "clearly established" at the time of the alleged misconduct. Instead, the Court turns to Defendants' qualified immunity arguments concerning Defendants Anthony J. Fiore and Gary E. Speaks.

As such, the Defendants' appeal – arguing that Plaintiff failed to state <u>Brady</u> or Due Process Claims upon which relief may be granted, is frivolous, and should be dismissed as such.

### 2. **Denial of Immunity Based on Disputes of Material Facts.**

The Defendants filed a motion for judgment on the pleadings, asserting qualified immunity, after filing an Answer in which they either failed to properly respond to, or denied, all material facts. (Defendants' Answer, App'x 93(a)). In denying the Defendants' motion for judgment on the peladings, the Court stated,

> A Rule 12(c) motion is properly granted only "when all the material allegations of fact are admitted in the pleadings and only questions of law remain." Inst. for Sci. Info., Inc., 931 F.2d at 1005. Here, the Court declines to resolve "question[s] of fact as to malice" at this preliminary stage, see Cameron v. City of New York, 598 F.3d 50, 69 (2d Cir. 2010), particularly where Defendants summarily deny Plaintiff's allegation that Defendants destroyed exculpatory evidence. (Doc. Nos. 20 ¶ 114; 33 ¶ 114).

(Memorandum, App'x 37a, n.3).

The Court properly denied the Defendants' motion for judgment on the pleadings. See Shapiro v. Marian Radiological Assocs. Inc., 73 Pa. D. & C.4th 318, 322 (Pa.Com.pl. 2005) ("in order to grant a motion for judgment on the pleadings, the facts must be undisputed.")

The Defendants state that the "Defendants only raise the purely legal question of whether, accepting Plaintiff's allegations as true, they are entitled to immunity[,]" but then dispute Plaintiff's statement of the facts. See Brief of Appellant, at pp.10 & 12n.1. The Defendants' appeal is masquerading as a Forsyth Appeal, and as such, should be denied as frivolous.

7

**B. <u>The Defendants' Conduct Violated a Federal Right, i.e., the Fourth Amendment Right to be Free From Unreasonable Seizures.</u>**

The first prong of the qualified immunity analysis examines whether the allegations, "[t]aken in the light most favorable to the party asserting the injury, . . . show the officer's conduct violated a [federal] right[.]" <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001). The District Court correctly determined that the allegations established a violation of Plaintiff's constitutional rights, as the Court stated,

> "Where the malicious prosecution claim sounds in the Fourth Amendment, the plaintiff 'must show some deprivation of liberty consistent with the concept of 'seizure.'" <u>Johnson v. Knorr</u>, 477 F.3d 75, 85 n.14 (3d Cir. 2007) (<u>citing</u> <u>Gallo v. City of Philadelphia</u>, 161 F.3d 217, 222 (3d Cir. 1998)). In making this determination, courts consider whether a plaintiff was physically detained, faced travel restrictions, posted bail, or was subjected to "mandatory pretrial services check-ins." <u>Perkins v. Staskiewicz</u>, No. 08-1651, 2010 WL 2510191, at *4 (M.D. Pa. June 17, 2010) (collecting cases).
>
> Here, the amended complaint alleges that Plaintiff was handcuffed and fingerprinted at the police station, subjected to a perp walk, surrendered his passport, was arraigned, was subject to a "$1,000 unsecured bail," and "suffered an ongoing deprivation of liberty … as a consequence of being subject to bail conditions and having his passport confiscated." (Doc. No. 20 ¶¶ 126, 130-136, 181.) At this stage, accepting all of the allegations in the amended complaint as true, the Court is persuaded that Plaintiff adequately alleges a Fourth Amendment seizure. <u>See</u> <u>DiBella v. Borough of Beachwood</u>, 407 F.3d 599, 603 (3d Cir. 2005) ("Pretrial custody and some onerous types of pretrial, non-custodial restrictions constitute a Fourth Amendment seizure"); <u>cf</u>. <u>Perkins</u>, 2010 WL 2510191, at *4.

The Defendants argue that being released on "unsecured bail," is insufficient to establish the requisite deprivation of liberty. The Defendants miss the important

8

distinction between a false arrest claim and a malicious prosecution claim, i.e., whether the alleged deprivation of liberty occurs prior to the initiation of legal process *or* pursuant to legal process. See, e.g., Wiltz v. Middlesex County Office of Prosecutor, 249 Fed.Appx. 944 (3d Cir. 2007) (an arrest alone, with no allegation that the arrest resulted from the issuance of legal process, is not sufficient to establish a federal malicious prosecution claim); Penberth v. Krajnak, 347 Fed.Appx. 827 (3d Cir. 2009) (30-40 minute detention *not pursuant to legal process* insufficient to establish the requisite deprivation of liberty); Wiecek v. City of Philadelphia, 2016 WL 524092, at *n.1 (E.D.Pa. Feb. 10, 2016) (a warrantless arrest *not pursuant to legal process* insufficient to establish the requisite deprivation of liberty); Boseman v. Upper Providence Twp., 2016 WL 344460, at *11 (E.D.Pa. January 28, 2016) (warrantless arrest *not pursuant to legal process* insufficient to establish the requisite deprivation of liberty); Dinoia v. Cumbo, 2015 WL 6739114, at *3 (D.N.J. November 4, 2015) (warrantless arrest *not pursuant to legal process* insufficient to establish the requisite deprivation of liberty); Jones v. Barth, 2015 WL 221079, at *4 (E.D.Pa. January 15, 2015) (*no physical arrest pursuant to legal process* insufficient to establish the requisite deprivation of liberty); White v. Glenn, 2014 WL 5431200, at n.4 (E.D.Pa. October 27, 2014) (warrantless arrest *not pursuant to legal process* insufficient to establish the requisite deprivation of liberty); Bartow v. Thomas, 2014 WL 2993786, at *5 (W.D.Pa. July 2, 2014) (*no physical arrest*

9

pursuant to legal process insufficient to establish the requisite deprivation of liberty); Luck v. Mount Airy No. 1, LLC, 901 F. Supp. 2d 547, 556 (M.D. Pa. 2012) (plaintiffs failed to allege a deprivation of liberty as a result of a legal proceeding where they "only recite facts pertaining to their *seizure and arrest prior to the institution of a legal proceeding*."); Calipo v. Butler City, 2012 WL 517331, at *3 (W.D.Pa. February 15, 2012) (*vague allegation of arrest insufficient* to establish requisite deprivation of liberty pursuant to legal process); Bernard v. Washington County, 465 F.Supp.2d 461, 460 (W.D.Pa. 2006) (*no physical arrest pursuant to legal process* insufficient to establish the requisite deprivation of liberty); Ankele v. Hambrick, 286 F.Supp.2d 461, 469 (E.D.Pa. 2003) (warrantless arrest *not pursuant to legal process* insufficient to establish the requisite deprivation of liberty), aff'd, 136 F.App'x 551 (3d Cir. 2005); see also Lopez v. Maczko, No. 07-1382, 2007 WL 2461709, at *3 (E.D. Pa. Aug. 16, 2007) (Plaintiff failed to allege facts supporting that he was seized as a consequence of a legal proceeding where *"The only seizure alleged is the plaintiff's arrest and that occurred prior to the initiation of any criminal proceedings*.")

Importantly, Plaintiff's deprivation of liberty occurred *pursuant to legal process*. Contrary to the Defendants' contention, Plaintiff's deprivation of liberty pursuant to legal process was not limited to just being subjected to unsecure bail. Rather, pursuant to the legal process that issued (a warrant for Plaintiff's arrest),

10

Plaintiff was handcuffed; placed in the backseat of a police cruiser with a police officer next to him; transported to Court for an arraignment; paraded, handcuffed, in front of the press cameras; had bail set at $1,000 unsecured; was forced to surrender his passport for two years; and faced a maximum sentence of 18 years of incarceration, and $40,000 in fines. (Amended Complaint, App'x 52(a), at ¶¶ 121 & 131-36).

## C. The Defendants' Conduct Violated Clearly Established Law

### 1. The Law was Clearly Established at the Time of the Violation.

The second prong of the qualified immunity inquiry asks "whether the law was clearly established at the time of the violation." Kelly v. Borough of Carlisle, 622 F.3d 248, 253 (3d. Cir. 2010). Since 1994, *15 years before the seizure in question*, it has been clearly established law that to maintain a § 1983 malicious prosecution claim, the deprivation of liberty – the seizure – must have been effected "pursuant to legal process." Heck v. Humphrey, 512 U.S. 477, 484 (1994); DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005).

The Defendants argue that the fact that Plaintiff's arrest occurred after the filing of criminal charges, i.e., pursuant to legal process, is not dispositive, because in 2009, the law was not clearly established.  In support, the Defendants cite Penberth v. Krajnak, 2008 WL 509174, at *13 (M.D.Pa. Feb. 21, 2008), 347 Fed.Appx. 827 (3d Cir. 2009). Penberth, however, does not support the Defendants' argument.  To

11

the contrary, in <u>Penberth</u>, the Plaintiff was not handcuffed, taken by police into their custody, or detained pursuant to legal process. As such, this Court correctly applied the clearly established law and held that a 30-40 minute detention that was not pursuant to legal process was not a deprivation of liberty sufficient to establish a § 1983 malicious prosecution claim.

The Defendants also cite <u>Taylor v. Mazzone</u>, 2016 WL 4272266, at n.6 (E.D. Pa. Aug. 12, 2016), in support of their argument. In <u>Taylor</u>, in dicta in a footnote, the Court incorrectly opined that, "Even if Taylor's hour-and-a-half detention were a consequence of a legal proceeding, such a brief detention-without more-does not constitute a deprivation of liberty under the Fourth Amendment." The <u>Taylor</u> Court appears to have misunderstood the holding in <u>Wiltz</u>. The District Court's dicta in <u>Taylor</u> appears too misstate the applicable law.

### 2. Issues Raised by the Defendants that the Court Need Not Address

In **Issue C**, the Defendants argue that in 2009, the law was not clearly established that <u>Brady</u> can be violated without a trial and conviction. <u>See</u> Appellants' Brief at p.26. Plaintiff, however, did not assert a <u>Brady</u> claim. Rather, Plaintiff asserted state and federal malicious prosecution claims. (Amended Complaint, App'x 85a & 89a).

In **Issue D**, the Defendants argue that in 2009, the law was not clearly established that the destruction of proffer notes violated due process. <u>See</u> Appellants'

12

Brief at p.28.  Plaintiff, however, did not assert a Due Process claim.  Rather, Plaintiff asserted state and federal malicious prosecution claims. (Amended Complaint, App'x 85a & 89a).

In **Issue E**, the Defendants argue that in 2009, the law was not clearly established that any allegedly falsified or destroyed evidence was exculpatory. <u>See</u> Appellants' Brief at p.33.  Plaintiff, however, did assert <u>Brady</u> or Due Process claims.  Rather, Plaintiff asserted state and federal malicious prosecution claims. (Amended Complaint, App'x 85a & 89a).

In **Issue F**, the Defendants argue that in 2009, the law was not clearly established that "proffer notes" could be used "for impeachment purposes." Appellants' Brief at p. 35. Plaintiff, however, did assert <u>Brady</u> or Due Process claims.  Rather, Plaintiff asserted state and federal malicious prosecution claims. (Amended Complaint, App'x 85a & 89a).  Moreover, the factual record needs to be developed to discovery the content of the notes.

In **Issue G**, the Defendants argue that it is unfair for an officer who seeks an arrest warrant, prior to arresting a person, to potentially be subject to two claims (1) false arrest, and (2) malicious prosecution. The Defendants' argument is without merit. An officer who obtains a warrant for arrest is protected from liability unless the warrant was fraudulently obtained. An arrest alone, however, is not sufficient to establish a malicious prosecution claim. Rather, to establish a malicious prosecution

claim, in addition to the arrest, there needs to be a prosecution that terminates in a criminal Defendant's favor.   Put another way, an officer would only ever be subjected to two claims if the officer chooses to *both* falsely arrest an individual *and* maliciously prosecute the individual.

In **Issue H**, the Defendants argue that any reasonable agent would have believed that probable cause existed to arrest the Plaintiff.   Specifically, the Defendants argue,

> The grand jury issued a subpoena to the House Republican Caucus on February 25, 2008, for campaign material. 222a. Plaintiff concedes that a man called the House Republican Campaign Committee from Plaintiff's phone line to tell the HRCC to expect a delivery of boxes of campaign material, App'x 62a ¶69, 71-72a ¶114(d) and 74-75a ¶115(f), Plaintiff was normally at his desk, App'x 81a ¶146, and boxes of campaign material were then moved to HRCC, App'x 62a ¶69. The agents clearly had probable cause to believe he obstructed justice, 18 Pa.C.S. §5101, hindered prosecution, 18 Pa.C.S. §5105, and conspired to do so, 18 Pa.C.S. §903.

Appellant's Brief at p. 44(H).

The Defendants, however, choose to ignore, and not inform this Court, of material facts known to the Defendants prior to initiating the criminal charges in question. Specifically, in February of 2008, Room 414 of the Capital was commonly referred to as "Perzel's Office." Despite being referred to as "Perzel's Office," or a "Room," Room 414 actually consisted of a cluster of eight rooms and the woman's restroom. Both Perzel's and Representative Sandra J. Major's offices were located in Room 414. During business hours, the door to Room 414 stood wide open.

14

Essentially, anyone in the Capital could walk into Room 414. (Amended Complaint, App'x 52a, ¶¶ 43-47). The Defendants knew that "Plaintiff's phone line" was on numerous phones within Room 414, not just on Plaintiff's phone, and could have been utilized by almost anyone. (Amended Complaint, App'x 52a, ¶147(c)).

In **Issue I**, the Defendants argue that the agents did not initiate the prosecution. The Defendants assert a fact argument instead of a legal argument. Specifically, the Defendants argue that "It is implausible that the agents destroyed the notes without prosecutor knowledge," "Plaintiff does not allege that the agents provided false information to the prosecutors or otherwise interfered with prosecutorial discretion[,]" and "It is simply implausible that the agents duped the prosecutors in any way into taking Plaintiff's case[.]" Appellants' Brief at pp. 47-48.

Regardless, the District Court correctly decided that based upon the undeveloped factual record, the claims should not be dismissed. Specifically, the Court explained,

> The Court concludes that it cannot dismiss either Fiore or Speaks as Defendants at this time. As with Defendant Corbett, the Court reads Plaintiff's amended complaint as alleging that both Fiore and Speaks were involved in the alleged fabrication of evidence prior to the grand jury proceedings, and with the alleged destruction of exculpatory evidence. The Court finds that these allegations are sufficient to allege that both agents were involved in "initiating a prosecution." See Telepo v. Palmer Twp., 40 F. Supp. 2d 596, 610 (E.D. Pa. 1999) aff'd, 242 F.3d 371 (3d Cir. 2000) ("A person can be liable for malicious prosecution if he fail[s] to disclose exculpatory evidence to prosecutors, make[s] false or misleading reports to the prosecutor, omit[s] material information from the reports, or otherwise interfere[s] with the

15

prosecutor's ability to exercise independent judgment' in deciding whether to prosecute.") (internal quotations omitted). Moreover, Fiore signed the criminal complaint and affidavit of probable cause, which Plaintiff alleges contains false or misleading statements. (Doc. No. 20 ¶ 170.) This is further grounds for concluding that the amended complaint states on its face that Defendant Fiore initiated the prosecution. See Llerando-Phipps v. City of New York, 390 F. Supp. 2d 372, 383 (S.D.N.Y. 2005) ("In malicious prosecution cases brought against police officers, plaintiffs have demonstrated that officers initiated criminal proceedings by having the plaintiff arraigned, by filling out complaining and corroborating affidavits, and by signing felony complaints.") Accordingly, the Court will not dismiss Defendants Speaks or Fiore.

In **Issue J**, the Defendants argue that Defendants Speaks and Fiore are entitled to qualified immunity because Plaintiff was arrested pursuant to a judicially approved warrant, and the charges were held for Court after a preliminary hearing, and a *habeas* motion was denied. Appellants' Brief at pp. 48-49.

Essentially, the Defendants' argument is that because they were successful in committing a fraud against the Court, through the falsification of evidence and the destruction of exculpatory evidence, they should be immune from suit. The Defendants' argument is offensive. The District Court correctly denied the Defendants' motion to dismiss stating, "although the prior probable cause determinations cited by Defendants – at a preliminary hearing, and upon his motion to quash – are very strong evidence in favor of a finding of probable cause, the Court finds that they are not determinative at this stage." (Memorandum, App'x. 3a, p.9).

Case: 16-3384    Document: 003112472524    Page: 22    Date Filed: 11/25/2016

In **Issue K**, the Defendants argue that "since the February 2008 grand jury subpoena existed prior to any of the alleged unconstitutional actions, the prosecutors are absolutely immune for all claims of evidence fabrication." This argument is disingenuous at best. The fabrication of evidence occurred prior to the grand jury investigating the alleged criminal conduct related to the response to the subpoena.

In **Issue L**, Defendant Corbett argues that the remaining claims against him should be dismissed because he claims that Plaintiff failed to assert the requisite personal involvement. This non-immunity argument is not the proper subject of an interlocutory appeal based solely on the issue of qualified immunity.

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Court affirm the District Court Order deny the Defendants' motion for judgment on the pleadings. The Plaintiff further requests that the Court dismiss the Defendants' appeal as frivolous, and issue appropriate sanctions against the Defendants.

**Respectfully Submitted,**

**s/ Devon M. Jacob**_____                **Date: November 25, 2016**
**DEVON M. JACOB, ESQUIRE**
Pa. Sup. Ct. I.D. 89182
Counsel for Plaintiff-Appellee

**JACOB LITIGATION**
P.O. Box 837, Mechanicsburg, Pa. 17055-0837
717.796.7733 | djacob@jacoblitigation.com

## VII.  <u>CERTIFICATIONS</u>

Undersigned counsel hereby certifies the following:

1.      I am a member in good standing of the Bar of this Court.

2.      The typeface is Times New Roman, 14-point font, proportionally spaced, with serifs.

3.      This brief complies with the type-volume limitation imposed by Fed. R. App. P. 32(a)(7)(B).

4.      Pursuant to the word count feature of Microsoft Word, the word processing system used to prepare this brief, this brief contains 4,439 words.

5.      The text of the electronic version of this filing, which has been emailed to the Court, is identical to the text of the hard copies that will be served on the Clerk's Office.

6.      The electronic copy of this brief has been scanned for viruses, worms, malware, and spyware, using Avast Premier, version 12.3.2280 (build 12.3.3154.23), release date 11/25/16.

7.      On the below referenced date, an electronic copy of this brief was served by the Court's electronic case filing system on all counsel of record.

**Respectfully,**

**s/ Devon M. Jacob**                              **Date: November 25, 2016**
**DEVON M. JACOB, ESQUIRE**