IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 16-3384

John Zimmerman,
Plaintiff-Appellee

v.

Thomas W. Corbett et al.,
Defendants-Appellants

Appeal from the Denial of Motion for Judgment on the Pleadings
U.S. District Court for the Middle District of Pennsylvania

## Reply Brief of Appellants

Lavery Law

Josh Autry, Esquire
PA Bar No. 208459
Frank J. Lavery, Jr., Esquire
PA Bar No. 42370
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
Phone: (717) 233-6633
Fax: (717) 233-7003
jautry@laverylaw.com

Date: December 9, 2016

Attorney for Defendants-Appellants

# Table of Contents

Table of Authorities...................................................................................ii

I.    Plaintiff has no claim against the prosecutors. ...............................1

II.   Plaintiff does not allege any facts to show that the prosecutors fabricated material evidence or destroyed exculpatory evidence. ...........3

III.  Plaintiff does not show that his prosecution was a "seizure" under clearly established law. ..............................................................................7

     A.   Plaintiff cites no binding precedent to show that his prosecution was a "seizure."....................................................8

     B.   Plaintiff cannot explain away the Courts that disagree with him. ...................................................................................13

IV.   Plaintiff does not allege facts to refute probable cause.................20

V.    Plaintiff does not show that the agents misled prosecutors. ........22

VI.   Plaintiff makes only conclusory allegations against then-AG Corbett...............................................................................................23

Combined Certifications.......................................................................26

## Table of Authorities

### Cases

*Albright v. Oliver*, 510 U.S. 266 (1994)......................................................8

*Anderson v. Creighton*, 483 U.S. 635 (1987). .............................................6

*Ankele v. Hambrick*, 286 F. Supp. 2d 485 (E.D. Pa. 2003) .............14, 15

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..............................................23, 24

*Bartow v. Thomas*, 2014 WL 2993786 (W.D. Pa. July 2, 2014) ............14

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)......................................24

*Benard v. Washington Cty.*, 465 F.Supp.2d 461 (W.D. Pa. 2006).........14

*Bianchi v. McQueen*, 818 F.3d 309 (7th Cir. 2016) ............................7, 17

*Boseman v. Upper Providence Twp.*, 2016 WL 344460
(E.D. Pa. Jan. 28, 2016)............................................................13, 14, 15

*Brosseau v. Haugen*, 543 U.S. 194 (2004)..................................................9

*Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) ..........................................2

*Calipo v. Butler Cty.*, 2012 WL 517331 (W.D. Pa. Feb. 15, 2012)..........14

*Carroll v. Carman*, 135 S. Ct. 348 (2014) ..................................10, 13, 19

*City & Cnty. of San Francisco v. Sheehan*, 2015 WL 2340839,
-- S.Ct. -- (May 18, 2015) ....................................................................10

*Collins v. Jones*, 2015 WL 790055 (E.D. Pa. Feb. 24, 2015)...................14

*DiBella v. Borough of Beachwood*, 407 F.3d 599
(3d Cir. 2005)........................................................................8, 10, 11, 12

*Dinoia v. Cumbo*, 2015 WL 6739114 (D.N.J. Nov. 4, 2015) .............14, 15

*Esposito v. Galli*, 2006 WL 2322487 (M.D. Pa. Aug. 9, 2006) ...............14

*Gallo v. City of Phila.*, 161 F.3d 217 (3d Cir. 1998)...............8, 10, 11, 12

*Golya v. Golya*, 2007 WL 2301085 (M.D. Pa. Aug. 9, 2007) ...................14

*Johnson v. Knorr*, 477 F.3d 75 (3d Cir. 2007).........................................10

*Jones v. Barth*, 2015 WL 221079 (E.D. Pa. Jan. 15, 2015) ........14, 16, 19

*Kulwicki v. Dawson*, 969 F.2d 1454 (3d Cir.1992) ...................................5

*Lane v. Franks*, 134 S. Ct. 2369 (2014) ...................................................10

*Lopez v. Maczko*, 2007 WL 2461709 (E.D. Pa. Aug. 16, 2007).........18, 19

*Luck v. Mount Airy No. 1,* 901 F. Supp. 2d 547 (M.D. Pa. 2012)...........14

*Manuel v. City of Joliet*, 590 Fed.Appx. 641 (7th Cir.2015).....................7

*Mullenix v. Luna*, 136 S.Ct. 305 (Nov. 9, 2015)..................................9, 10

*Murphy v. Lynn*, 118 F.3d 938, 942 (2nd Cir. 1997) ........................11, 12

*Muth v. Woodring*, No. 15-4101, -- Fed.Appx. --, 2016 WL 6694546
    (3d Cir. Nov. 15, 2016) .......................................................................8
*Orsatti v. N.J. State Police*, 71 F.3d 480 (3d Cir. 1995) .........................21
*Penberth v. Krajnak,* 2008 WL 509174 (M.D. Pa. Feb. 21, 2008)....16, 17
*Penberth v. Krajnak*, 347 F. App'x 827, 829 (3d Cir. 2009) ....... 13, 16, 19
*Pitt v. D.C.*, 491 F.3d 494 (D.C. Cir. 2007) ..............................................7
*Rehberg v. Paulk*, 611 F.3d 828 (11th Cir.2010) .....................................2
*Reichle v. Howards*, 132 S. Ct. 2088 (2012)................... 3, 4, 9, 10, 13, 19
*Rose v. Bartle*, 871 F.2d 331 (3d Cir. 1989) .........................................2, 5
*Schultz v. Hughesville Borough*, 2011 WL 3273076
    (M.D. Pa. July 29, 2011 ...................................................................14
*Stolarik v. City of Wilkes-Barre*, 2013 U.S. Dist. LEXIS 155788
    (M.D. Pa. Oct. 30, 2013) ..................................................................21
*Taylor v. Mazzone*, 2016 WL 4272266 (E.D. Pa. Aug. 12, 2016)..... 15, 16,
    17, 19
*Wallace v. Kato*, 549 U.S. 384 (2007)......................................................7
*Wiecek v. City of Phila*, 2016 WL 524092 (E.D. Pa. Feb. 10, 2016).......15
*Wilson v. Russo*, 212 F.3d 781 (3d Cir. 2000) ........................................22
*Wiltz v. Middlesex Cnty. Office of Prosecutor*, 249 F. App'x 944
    (3d Cir. 2007)............................................................................ 13, 16

## I.   <u>Plaintiff has no claim against the prosecutors.</u>

In ruling on absolute immunity, the District Court only left <u>two</u> allegations against the prosecutor Defendants: that they 1) "manufactured witness testimony and intimidated witnesses prior to the grand jury proceedings," and 2) "destroyed exculpatory evidence." *Zimmerman v. Corbett*, 2016 WL 3855573, at *1 (M.D. Pa. July 15, 2016). Defendants now raise qualified immunity to the remaining allegations, and Plaintiff appears to concede that he has not plead any plausible facts to show that the prosecutors 1) manufactured witness testimony and intimidated witnesses <u>prior to the grand jury proceedings</u>, or 2) destroyed <u>exculpatory</u> evidence.[1]

Plaintiff claims instead that prosecutors fabricated testimony for presentation to an already-existing grand jury, but the District Court held that absolute immunity even shields soliciting perjury for use in the grand jury. The remaining claim is whether prosecutors fabricated evidence before the initiation of grand jury proceedings. Plaintiff appears to admit that no plausible allegations in the Amended Complaint support such a claim.

---

[1]As Plaintiff notes, Defendants did not concur in or oppose Plaintiff's motion to certify the absolute immunity issue for this appeal. That unopposed motion remains pending.

In ruling on absolute immunity, the District Court drew the line not at when the testimony was presented, but when the grand jury formed. The Court noted that, in *Buckley*, the Supreme Court found absolute immunity did not shield certain investigatory allegations "arising from behavior well before the empaneling of the grand jury." *Zimmerman v. Corbett*, 2015 WL 539783, at *8 (M.D. Pa. Feb. 10, 2015) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 275 (1993)). The District Court contrasted this Court's holding in *Rose v. Bartle*, 871 F.2d 331, 344 (3d Cir. 1989), that absolute immunity shields even solicitation of perjury for use in a grand jury. *Id.* (also citing *Rehberg v. Paulk*, 611 F.3d 828, 842 (11th Cir.2010) *aff'd*, 132 S.Ct. 1497 (2012) (unanimous)). As a result, the District Court found that "a fuller record is necessary before it can decide whether the prosecutorial defendants are entitled to immunity on claims that they fabricated evidence <u>prior to the initiation of the grand jury proceedings</u>." *Id.*

Plaintiff now concedes that he makes no plausible allegations of fabrication unrelated to the grand jury. Nor could he. The entire case against Plaintiff was that he obstructed the grand jury. App'x 222a, 229a. As a result, the District Court erred in forcing the prosecutors to

2

undergo discovery without any remaining allegations of wrongdoing against them.

## II. Plaintiff does not allege any facts to show that the prosecutors fabricated material evidence or destroyed exculpatory evidence.

The claim against the prosecutors hinges on whether they fabricated <u>material</u> evidence against Plaintiff or destroyed <u>exculpatory</u> evidence. Plaintiff does not argue any factual allegations on appeal to show that they did either.

Plaintiff's concessions show the reasonableness of Defendants' actions. Plaintiff does not dispute Judge Lewis's holding that "destruction of such notes by investigators in a criminal matter is a common, and prudent, practice." App'x 185-86a. Nor does Plaintiff question the appellate decision affirming Judge Lewis. *Com. v. Feese*, 79 A.3d 1101, 1110, 1113 & n.7 (Pa. Super), reargument denied (2013), appeal denied, 94 A.3d 1007 (Pa. 2014). *See also* App'x 195a, 198-200a. Even if this Court disagrees with those rulings, "[i]f judges thus disagree on a constitutional question, it is unfair to subject police to money damages for picking the losing side of the controversy." *Reichle v. Howards*, 132 S. Ct. 2088, 2096 (2012).

3

Even at this stage in the proceedings, Defendants are at a loss as to what alleged specific conduct actually violated Plaintiff's rights. Saying an official can't destroy exculpatory evidence or fabricate material evidence establishes the right on "as a broad general proposition," but the officials need to know "in a 'particularized' sense..." whether the specific conduct alleged would violate that standard. *Reichle v. Howards*, 132 S. Ct. 2088, 2094 (2012). The fact that Plaintiff focuses on a note destruction upheld by state courts highlights the need for qualified immunity.

For qualified immunity, Defendants argue (and Plaintiff does not dispute) that a reasonable official in 2009 could believe:

1) *Brady* is not violated without a trial and conviction;

2) destruction of the proffer notes did not violate the Constitution;

3) destruction of the notes followed OAG policy;

4) the notes were not exculpatory;

5) the notes were not impeachment evidence;

6) Plaintiff does not allege any other exculpatory evidence destroyed; and

7) Plaintiff does not allege any <u>material</u> testimony brought about by Defendants' alleged intimidation or fabrication.

These concessions are fatal to Plaintiff's claims against the prosecutors.[2]

Plaintiff claims instead that 1) he only brings a Fourth Amendment claim for prosecution without probable cause, and 2) destruction of the notes is evidence of their malice. But, as the District Court held, prosecutors are <u>absolutely immune</u> for their probable cause determinations, even in the face of allegations of malice. *Zimmerman v. Corbett*, 2015 WL 539783, at \*6 (M.D. Pa. Feb. 10, 2015) (citing *Kulwicki v. Dawson*, 969 F.2d 1454, 1464 (3d Cir.1992) and *Rose v. Bartle*, 871 F.2d 331, 347 (3d Cir.1989)).

This circumstance highlights the need for qualified immunity. The District Court explicitly declined to decipher the contours of Plaintiff's Fourth Amendment claim against the prosecutors: "even without

---

[2] In paragraph 114, Plaintiff claims that notes do not exist for meetings with three grand jury witnesses against him: Nathan Fineman (the messenger who moved boxes within Representative Perzel's office), Lori Lochetto (Perzel's secretary who had boxes moved to Perzel's office and then to the House Republican Campaign Committee), and George Matthews (the HRCC employee who testified that a man called telling him to expect a delivery of boxes). App'x 70-72a. At no point does Plaintiff explain how the proffer notes of these witnesses would have helped him at trial (if he had one).

defining the proper scope and contours of the Fourth Amendment right at issue, the Court disagrees that the right at issue directly implicates *Brady v. Maryland.*" *Zimmerman v. Corbett*, 2016 WL 3855573, at \*4 (M.D. Pa. July 15, 2016). Under its rulings, the prosecutors receive absolute immunity for the alleged constitutional violation (decision to prosecute without probable cause). Yet this case continues because of conduct that did not violate clearly established law (alleged destruction of immaterial notes and alleged immaterial fabrication). In such circumstances, officials "breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2085 (2011).

As the elements of Plaintiff's Fourth Amendment claim remain a moving target, qualified immunity shields the prosecutors from suit because the "[t]he contours of [Plaintiff's Fourth Amendment] right [are not] sufficiently clear." *Anderson v. Creighton*, 483 U.S. 635, 649 (1987). Notably, the Supreme Court recently granted certiorari and heard argument on whether "an individual's Fourth Amendment right to be free from unreasonable seizure continues beyond legal process so as to allow a malicious prosecution claim based upon the Fourth

Amendment." *See Manuel v. City of Joliet*, 590 Fed.Appx. 641 (7th Cir.2015), *cert. granted*, 136 S.Ct. 890 (Jan. 15, 2016). *See also Wallace v. Kato*, 549 U.S. 384, 399 n. 3 (2007) ("We have never explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983…"); *Bianchi v. McQueen*, 818 F.3d 309, 323 (7th Cir. 2016) ("With the law this unsettled, qualified immunity applies."); *Pitt v. D.C.*, 491 F.3d 494, 512 (D.C. Cir. 2007) (granting qualified immunity because Supreme Court has not yet decided whether malicious prosecution violates Fourth Amendment). In this case, Plaintiff cannot explain how his remaining allegations against the prosecutors violate the Fourth Amendment.

### III. Plaintiff does not show that his prosecution was a "seizure" under clearly established law.

The law was not clear to a reasonable official in 2009 that a prosecution could violate the Fourth Amendment if, as in this case, the prosecution began with an arrest warrant and release on unsecured[3] bail. Plaintiff cites no binding case law that would have shown an official otherwise at the time. Notably, since Defendants' opening brief, this Court reversed the District Court in another case and remanded for

---

[3] https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-22-CR-0002524-2010

further consideration of this very issue. *Muth v. Woodring*, No. 15-4101, -- Fed.Appx. --, 2016 WL 6694546 (3d Cir. Nov. 15, 2016).

### A. <u>Plaintiff cites no binding precedent to show that his prosecution was a "seizure."</u>

Plaintiff challenges his prosecution, not his arrest.[4] Unlike an arrest without probable cause, "prosecution without probable cause is not, in and of itself, a constitutional tort." *DiBella v. Borough of Beachwood*, 407 F.3d 599, 602 (3d Cir. 2005) (quoting *Gallo v. City of Phila.*, 161 F.3d 217, 222 (3d Cir. 1998) (citing *Albright v. Oliver*, 510 U.S. 266, 274 (1994))). "The type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution itself." *Id.*

This case is not like a false arrest case where precedent is clear that the arrest is a Fourth Amendment seizure. This Court's precedent is far from clear that the subsequent <u>prosecution</u> is a seizure anytime the prosecution begins with an arrest. In fact, it appears that prosecution is not a seizure without some additional, significant post-arrest deprivation.

---

[4]Plaintiff did not challenge his arrest within the two-year statute of limitations.

Plaintiff appears to admit as much, but argues that his prosecution was a seizure under the Fourth Amendment because of the arrest warrant. But the law was not clearly established in 2009 that a prosecution can violate the Fourth Amendment just because it began with an arrest warrant.

It is not enough for an official to know that prosecutions, in some circumstances, can violate the Fourth Amendment; rather, an official must be able to know under precedent under the law that <u>this</u> prosecution violates the Fourth Amendment. This is because "'the right allegedly violated must be established, 'not as a broad general proposition,' *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam), but in a 'particularized' sense so that the 'contours' of the right are clear to a reasonable official." *Reichle v. Howards*, 132 S.Ct. 2088, 2094 (2012). *See also Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015) (per curiam) (unanimous) (Analysis "must be undertaken in light of the specific context of the case…").

This Court's precedent in 2009 did not hold that a prosecution is a constitutional seizure whenever there's an arrest pursuant to warrant. The question simply didn't come up in *Johnson v. Knorr*, 477 F.3d 75,

85 n. 14 (3d Cir. 2007), *DiBella*, 407 F.3d at 602-603 (3d Cir. 2005), or

*Gallo.*, 161 F.3d at 222. In those cases, this Court did not create any

distinction as to whether a deprivation took place before or after the

filing of charges. In each case, this Court focused on the significance,

not the timing, of the deprivations.

The Supreme Court has repeatedly in recent years found that

qualified immunity shields officers where, as here, circuit precedent is

unclear or distinguishable. *Mullenix*, 136 S.Ct. at 308 (this Court's

precedent not sufficiently clear); *San Francisco v. Sheehan*, 135 S.Ct.

1765 (2015) (prior Ninth Circuit cases distinguishable); *Carroll v.

Carman*, 135 S.Ct. 348, 350 (2014) (per curiam) (unanimous) (this

Court's precedent not sufficiently clear); *Lane v. Franks*, 134 S.Ct. 2369,

2383 (2014) (unanimous) (Eleventh Circuit decisions not sufficiently

clear); *Reichle*, 132 S.Ct. at 2094 (Tenth Circuit cases not sufficiently

clear).

As in those cases, this Court's precedent did not hold in 2009 that

a prosecution is a Fourth Amendment seizure anytime the suspect is

arrested pursuant to a warrant. This Court's discussion in *DiBella* cast

the most doubt on Plaintiff's view. This Court in *DiBella* recited the

essential facts and holding of *Gallo* without even mentioning the fact

that Gallo was arrested after the filing of charges:

> The plaintiff in Gallo was arrested for arson and
> posted a $10,000 bond; he was prohibited from
> traveling outside Pennsylvania and New Jersey,
> required to contact Pretrial Services on a weekly
> basis, and required to attend all court hearings
> including his trial and arraignment. This court
> concluded that, "although it was a close question,
> we agree with Gallo that these restrictions
> amounted to a seizure."

407 F.3d at 602 (quoting *Gallo*, 161 F.3d at 222).

Gallo's prosecution was a seizure, but his post-indictment arrest

alone was an insufficient deprivation and only a "close question" when

combined with travel restrictions, posting bail, weekly reporting, and

attendance of multiple hearings and a trial. This Court in *DiBella*

emphasized *Gallo*'s narrow reach:

> If Gallo was a "close question;" here there could
> be no seizure significant enough to constitute a
> Fourth Amendment violation in support of a
> Section 1983 malicious prosecution action. <u>Gallo
> was arrested and subjected to significant pretrial
> restrictions.</u>

*Id.* at 203 (quoting *Gallo*, 161 F.3d at 222).

In *DiBella*, this Court similarly distinguished *Murphy v. Lynn*,

118 F.3d 938, 942, 946 (2nd Cir. 1997), noting that the prosecution in

that case was a seizure due to the combination of an arrest, overnight incarceration, assault by four officers, travel restrictions, and court appearances. 407 F.3d at 602. This Court did not find it significant or mention that Murphy's arrest was warrantless.

This Court's treatment of *Gallo* and *Murphy* in *DiBella* contradicts Plaintiff's claim that any prosecution is a Fourth Amendment seizure if started by an arrest warrant. First, in *DiBella,* this Court noted that the *Murphy* and *Gallo* prosecutions were seizures because the arrests were combined with other significant deprivations, and this Court twice emphasized in *DiBella* that *Gallo* was a "close question." In this case, Plaintiff alleges no other significant deprivation beyond his arrest such as pretrial reporting restrictions.

Second, this Court in *DiBella* also did not focus or even mention when the arrests in *DiBella* (before charging) and *Gallo* (after charging) took place in relation to the filing of charges. Unlike Plaintiff, this Court solely focused on the significance of the deprivation, not the timing of the charges.

Plaintiff raises a question not answered by any of this Court's precedent in 2009: is a prosecution a seizure anytime the suspect is

12

arrested pursuant to a warrant? As shown in the next section, the cases

interpreting this Court's precedent highlight that, if the law was clear

at all, it rejected Plaintiff's view.

### B.    Plaintiff cannot explain away the Courts that disagree with him.

This Court's non-precedential decisions and District Court

decisions cannot establish the law because they lack precedential value.

Only "precedent" establishes law. *Carroll v. Carman*, 135 S.Ct. 348, 350

(2014) (per curiam) (unanimous). Plaintiff must—but cannot—point this

Court to precedent clearly establishing that any prosecution is a seizure

if begun by arrest warrant.

However, non-precedential rulings can show that the law is not

clearly established. The Supreme Court has held that officers are not

liable "for picking the losing side of a controversy" between learned

judges. *Reichle*, 132 S.Ct. at 2096. Defendants cite a plethora of cases

that have held that a prosecution is not a seizure under the Fourth

Amendment simply because the case began with an arrest.[5] Many of the

---

[5] *Wiltz v. Middlesex Cnty. Office of Prosecutor*, 249 F.App'x 944, 949 (3d Cir. 2007) (arrest not enough); *Penberth v. Krajnak*, 347 F.App'x 827, 829 (3d Cir. 2009) (arrest and 35-40 minute detention insufficient); *Wiecek v. City of Phila*, 2016 WL 524092, at *1 & n.1 (E.D. Pa. Feb. 10, 2016) (arrest not enough); *Boseman v. Upper Providence Twp.*, 2016 WL 344460, at *11 (E.D. Pa. Jan. 28, 2016) (same); *Dinoia v.*

cases also found no seizure when the Plaintiff was arrested and posted bail. [6] And numerous cases found unsecured bail completely irrelevant to the significance of a Plaintiff's deprivation because the Plaintiff didn't have to post any money.[7]

Plaintiff tries to distinguish these cases by the fact that he was handcuffed, placed in a cruiser, and taken to the station for booking. These are not legitimate distinctions as all of these facts are typical of arrests.

More importantly, none of the cases relied upon by Defendants makes the distinctions that Plaintiff relies upon. In fact, multiple cases found that prosecutions were not seizures in spite of arrests with similar or more substantial detentions than Plaintiff's. *See Taylor v.*

---

*Cumbo*, 2015 WL 6739114, at *3 (D.N.J. Nov. 4, 2015) (same); *Jones v. Barth*, 2015 WL 221079, at *4 (E.D. Pa. Jan. 15, 2015) (same); *Bartow v. Thomas*, 2014 WL 2993786, at *5 (W.D. Pa. July 2, 2014) (same); *Luck v. Mount Airy No. 1,* 901 F.Supp.2d 547, 556 (M.D. Pa. 2012) (same); *Calipo v. Butler Cty.*, 2012 WL 517331, at *3-4 (W.D. Pa. Feb. 15, 2012) (same); *Benard v. Washington Cty.*, 465 F.Supp.2d 461, 469 (W.D. Pa. 2006) (same); *Ankele v. Hambrick*, 286 F.Supp.2d 485, 497 (E.D. Pa. 2003) (same), *aff'd*, 136 F.App'x 551 (3d Cir. 2005).

[6] *Wiecek*, 2016 WL 524092, at *1 & n.1 (no seizure by prosecution where plaintiff was arrested and posted bail); *Boseman*, 2016 WL 344460, at *11 (no seizure by arrest and unsecured bail); *Jones*, 2015 WL 221079, at *4 (same).

[7] *Boseman*, 2016 WL 344460, at *11; *Collins v. Jones*, 2015 WL 790055, at *9 (E.D. Pa. Feb. 24, 2015); *Jones*, 2015 WL 221079, at *4; *Schultz v. Hughesville Borough*, 2011 WL 3273076, at *8 (M.D. Pa. July 29, 2011); *Golya v. Golya*, 2007 WL 2301085, at *6-7 (M.D. Pa. Aug. 9, 2007); *Esposito v. Galli*, 2006 WL 2322487, at *9 (M.D. Pa. Aug. 9, 2006); *Ankele*, 286 F.Supp.2d 485, 497, *aff'd*, 136 F.App'x 551.

*Mazzone*, 2016 WL 4272266, at *2 (E.D. Pa. Aug. 12, 2016), (took student's "backpack and mobile phone, performed a body search," "transported her to the police station," "searched [her] again," "and then made [her] wait in a locked room for an hour and half."); *Wiecek v. City of Phila*, 2016 WL 524092, at *1 & n.1 (E.D. Pa. Feb. 10, 2016) ("arrested, handcuffed," "taken into police custody," "and released on bail <u>ten hours</u> later"); *Boseman v. Upper Providence Twp.*, 2016 WL 344460, at *10-11, *15 (E.D. Pa. Jan. 28, 2016) ("handcuffed, arrested," placed in back of cruiser, "and transported to the police station against her will," "forced to appear in court with the threat of a $5,000 bond," "following her arrest, she was required to submit to fingerprints and photographing"); *Dinoia v. Cumbo*, 2015 WL 6739114, at *1 & *3 (D.N.J. Nov. 4, 2015) (arrested, taken to station, detained for hour and five minutes, and then driven home); *Ankele v. Hambrick*, 286 F.Supp.2d 485, 497 (E.D. Pa. 2003) (same), *aff'd*, 136 F.App'x 551 (3d Cir. 2005) (arrested, handcuffed, placed in back of cruiser, transported to barracks," detained for 30-45 minutes, and released on unsecured bail).

Plaintiff also claims that these cases are all distinguishable because he was arrested pursuant to a warrant, but he makes a distinction absent from those decisions. Those cases, including this Court's decisions in *Wiltz v. Middlesex Cnty. Office of Prosecutor*, 249 F.App'x 944, 949 (3d Cir. 2007), and *Penberth v. Krajnak*, 347 F.App'x 827, 829 (3d Cir. 2009), focus on whether a prosecution is a seizure when the plaintiff was arrested onerous pretrial restrictions. In each case, the Courts said it is not.

Contrary to Plaintiff's claim, the cases did not address or turn on whether the arrests were warrantless. The cases focused instead on the significance of the deprivations. More on point, multiple cases found prosecutions were not seizures even though, as in Plaintiff's case, the arrests came after the filing of charges. *See Penberth v. Krajnak,* 2008 WL 509174, at *13 & n.11 (M.D. Pa. Feb. 21, 2008), *aff'd*, 347 F.App'x at 829; *Taylor*, 2016 WL 4272266, at *2; *Jones v. Barth*, 2015 WL 221079, at *4 (E.D. Pa. Jan. 15, 2015). It is significant that this Court in *Penberth* affirmed and the plaintiff in that case underwent a 35-40 minute detention as part of his arrest. It is equally significant that the plaintiff in *Jones* was arrested pursuant to a warrant. Nor did the

District Court in this case find it significant that Plaintiff was arrested on a warrant. Just this year, the Seventh Circuit held that a prosecution could not violate the Fourth Amendment where the Plaintiff was arrested and released on bond without any further seizure: "Because the plaintiffs were immediately released on bond and were neither seized nor detained, they suffered no Fourth Amendment injury." *Bianchi v. McQueen*, 818 F.3d 309, 323 (7th Cir. 2016)

Plaintiff distinguishes *Penberth* claiming that his arrest was a more significant seizure. Initially, Plaintiff overlooks the initial problem with his argument: the *Penberth* decision prevents any claim that an arrest alone—whether before or after the filing of charges—constitutes a seizure as a result of the prosecution. Second, Plaintiff does not explain how or why his deprivation is more significant than the 35-40 minute detention in *Penberth*.

Many of the cases above found similar or more substantial deprivations than at issue in this case were not prosecutorial seizures. Recently, In *Taylor*, 2016 WL 4272266, at *2, the Court found the prosecution was not a Fourth Amendment seizure when the officer took a student's "backpack and mobile phone, performed a body search,"

"transported her to the police station," "searched [her] again," "and then made [her] wait in a locked room for an hour and half." The Court went to reject Plaintiff's argument that the prosecution would have been a seizure if the arrest happened pursuant to a warrant: "Even if Taylor's hour-and-a-half detention were a consequence of a legal proceeding, such a brief detention—without more—does not constitute a deprivation of liberty under the Fourth Amendment." *Id.* at n.6. Plaintiff claims that the Court misstated the law, but this highlights the need for qualified immunity: the law is unclear.

The only case cited by Plaintiff that arguably stands for such a distinction is *Lopez v. Maczko*, 2007 WL 2461709 (E.D. Pa. Aug. 16, 2007). Of course, *Lopez*—a non-precedential District Court decision—cannot establish the law. In any event, *Lopez* actually refutes Plaintiff's position.

In *Lopez*, the plaintiff was pushed out of his wheelchair, jumped on, beaten with a flashlight, handcuffed, grabbed by his throat, drug 50 feet to the patrol car, and transported in the back to the station. *Id.* at *1. The Court initially rejected the claim of a seizure due to arrest before a criminal complaint was filed. *Id.* at *3. However, the Court

then held that it wouldn't matter even if the arrest were pursuant to a warrant: "[P]laintiff… claims that an arrest warrant was issued for him and he was released on $10,000 bail." *Id.* at *4. The Court found these allegations insufficient because "plaintiff did not have any travel restraints placed on him and the criminal proceedings that followed the charges being filed against him did not include a trial." *Id.* Accordingly, *Lopez* held that the prosecution was not a seizure in spite of the arrest and that it wouldn't matter if the arrest were pursuant to a warrant.

Given *Penberth*, *Jones*, *Taylor*, *Lopez*, and the decision below in this case, the law is not clearly established that a prosecution is a seizure anytime the suspect is arrested on a warrant. Because of the appeal in *Penberth*, no less than eight federal judges have not found Plaintiff's proposed distinction significant.

Even if this Court adopts Plaintiff's view and disagrees in 2016, this Court should not punish Defendants "for picking the losing side of a controversy" between judges back in 2009. *Reichle*, 132 S.Ct. at 2096. As a result, the question of whether prosecutions involving arrest warrants always implicate the Fourth Amendment is, at a minimum, not "beyond debate." *Carroll*, 135 S.Ct. at 350. If anything, the law is

clear that something more than an arrest is necessary like regular reporting to pretrial services.

## IV.    <u>Plaintiff does not allege facts to refute probable cause.</u>

Plaintiff points to no clearly established law that would have refuted probable cause under the circumstances in 2009. Defendants argue (and Plaintiff does not dispute) that:

1) The grand jury issued a subpoena to the House Republican Caucus on February 25, 2008, for campaign material. 222a.

2) A man called the House Republican Campaign Committee from Plaintiff's phone line to tell the HRCC to expect a delivery of boxes of campaign material, App'x 62a ¶69, 71-72a ¶114(d) and 74-75a ¶115(f)

3) Plaintiff was normally at his desk, App'x 81a ¶146.

4) Boxes of campaign material were then moved to HRCC, App'x 62a ¶69.

5) The call, if made by Plaintiff, would be criminal obstruction of justice, hindrance of prosecution, and conspiracy.

6) The decision to prosecute was supported by <u>three</u> judicial findings of sufficient evidence to prosecute Plaintiff. *See Zimmerman*, 2015 WL 539783, at *5; *Kelly v. Borough of Carlisle*, 622

F.3d 248, 255-56 (3d Cir. 2010); *Orsatti v. N.J.*
*State Police*, 71 F.3d 480, 483 (3d Cir. 1995).

On appeal, Plaintiff simply adds that other people had access to his phone line. Even if one could assume that Judge Wenner didn't know that Plaintiff worked in a big office when the Judge <u>initially</u> found probable cause to find charges (App'x 231-32a), Judge Wenner later confirmed that there was enough evidence to prosecute <u>after a full, adversarial preliminary hearing</u> with testimony on the question (App'x 238a), as did Judge Lewis <u>after reviewing the hearing transcript</u> (App'x 215-216a). The only way that the Court could not know that other persons had access to Plaintiff's phone would be if Plaintiff himself hid that supposedly material fact from the Court.

Plaintiff does not even claim that the agents had any reason to believe that someone else <u>did</u> make the call from Plaintiff's line. Nor does Plaintiff claim that the agents had any reason to believe that Plaintiff <u>did not</u> make the call from his line. *See Stolarik v. Wilkes-Barre*, 2013 U.S. Dist. LEXIS 155788, *12 (M.D. Pa. Oct. 30, 2013) ("[I]t was reasonable… to discount Stolarik's statements as self-serving."). Plaintiff points to no clearly established law that would have shown the agents in 2009 that a prosecution lacked probable cause under the

circumstances. As a result, Plaintiff does not allege facts to show that "'no reasonable competent officer' would conclude that probable cause exists." *Wilson v. Russo*, 212 F.3d 781, 786 (3d Cir. 2000).

In a conclusory fashion, Plaintiff claims on appeal that the agents falsified evidence and destroyed evidence. Yet Plaintiff has conceded on appeal that the allegedly destroyed notes were not exculpatory, and that he plausibly does not show any <u>material</u> fabricated testimony or <u>exculpatory</u> destroyed evidence. Plaintiff cannot point to any specific action by the agents that violated clearly established law.

## V.    <u>Plaintiff does not show that the agents misled prosecutors</u>.

Neither the Plaintiff nor the District Court cites any allegations to show that the agents misled the prosecutors or otherwise interfered with prosecutorial discretion. *See Zimmerman* , 2015 WL 539783, at *10. To the contrary, Plaintiff alleges that the agents and prosecutors conspired together, and the agents destroyed the notes pursuant to OAG policy. Moreover, Plaintiff cites no clearly established law that would have shown in 2009 that an agent violates the Fourth Amendment by working with prosecutors to initiate a prosecution.

## VI. <u>Plaintiff makes only conclusory allegations against then-AG Corbett.</u>

For then-AG Corbett, Plaintiff simply argues that the appeal is improper and ignores any substantive arguments. Plaintiff overlooks the core question in the qualified immunity analysis: whether Plaintiff alleges sufficient plausible facts to show that each individual Defendants violated a clearly established right. Plaintiff's argument otherwise was rejected in *Ashcroft v. Iqbal*, 556 U.S. 662, 674-675 (2009).

Turning to that issue, Defendants argue on appeal (and Plaintiff does not dispute) that

1) Plaintiff does not allege that then-AG Corbett participated in evidence fabrication or destruction.

2) Plaintiff makes conclusory allegations that then-AG Corbett and not-yet AG Kelly directed the fabrication and destruction of evidence.

3) Plaintiff's allegations against Corbett are implausible as Plaintiff lumps Corbett and Kelly in these paragraphs as one in the same even though Kelly did not become AG until years later.

4) Plaintiff simply guesses Corbett's actions (as he guessed with Kelly).

5) *Iqbal* rejected similar conclusory allegations that AG Ashcroft and FBI Director Mueller directed Iqbal's harsh treatment for discriminatory reasons. 556 U.S. at 680-81.

These "mere conclusory statements" amount only to "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678. Because "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief' against Corbett." *Id.* at 679.

Respectfully submitted,

s/ Josh Autry
Lavery Law
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633 (phone)
(717) 233-7003 (fax)
PA Bar No. 208459
jautry@laverylaw.com

Date: December 9, 2016    Attorney for Defendants-
Appellants


s/ Frank J. Lavery, Jr.
Lavery Law
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633 (phone)
(717) 233-7003 (fax)
PA Bar No. 208459
flavery@laverylaw.com

Date: December 9, 2016    Attorney for Defendants-
Appellants

## Combined Certifications

I certify that:

1.    I am a member in good standing of the Bar of this Court.

2.    The type face is Century, 14-point font and proportionally spaced.

3.    This brief complies with the type-volume limitation imposed by Fed.R.A.P. 32(a)(7)(B). This brief contains 4,740 words of proportionally spaced text. I relied on the word count of Microsoft Word, the word-processing system used to prepare the brief, to obtain this number. The font is Century, 14-point font.

4.    The text of the electronic version of this filing, which has been emailed to the Court, is identical to the text of the hard copies that have been sent to the Clerk's Office. The electronic copy has been scanned with the most recent version of Malwarebytes.

5.    On this date, a copy of this filing was served by this Court's electronic case filing system and also addressed to:

Devon M. Jacob, Esquire

s/ Josh Autry

Dated: December 9, 2016